IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.          )<br>)<br>DAVONTE J. COE,          )<br>)<br>    Defendant.          )<br>                             ) | Criminal Case No. 3:23CR61 (RCY) |

**MEMORANDUM OPINION**

This matter is before the Court on Defendant Davonte J. Coe's ("Mr. Coe," or "the Defendant") Motion to Dismiss the Indictment ("Motion to Dismiss"). ECF No. 17. The Defendant seeks dismissal of the indictment charging him with one count of Possession of a Firearm and Ammunition by a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1). Defendant's Motion to Dismiss is based on the Supreme Court's decision in *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. ----, 142 S. Ct. 2111 (2022). *See* Mot. Dismiss 1–2. Defendant brings both facial and as-applied challenges to § 922(g)(1). For the reasons stated below, the Court will deny the Defendant's motion in full.

**I. BACKGROUND**

Mr. Coe was indicted on May 17, 2023, and charged with one count of Possession of a Firearm and Ammunition by a Convicted Felon pursuant to 18 U.S.C. § 922(g)(1). Indictment 1–2, ECF No. 1. Mr. Coe was arraigned on June 12, 2023, and pleaded not guilty. ECF No. 14.

Mr. Coe has three prior convictions: (1) possession of drugs and a firearm in 2015, for which he received suspended time and two years with the Virginia Department of Corrections; (2) possession of a firearm with controlled substance, for which he received one year active time; and (3) simple possession of a controlled substance and possession of firearm by a felon, for which he received a sentence of three years active time. Mot. Dismiss 2. The present charges arise from a

confrontation on March 9, 2023, wherein Mr. Coe was apprehended while in possession of a .45 caliber pistol and several rounds of ammunition. *See* Indictment 1; Mot. Dismiss 2–3.

Mr. Coe filed the present Motion to Dismiss the Indictment on July 26, 2023. At the hearing on the Defendant's then-pending Motion to Suppress on September 11, 2023, this Court gave the Defendant leave to file supplemental authority in support of his Motion to Dismiss. ECF No. 31. On September 25, 2023, the Defendant filed a Supplemental Memorandum, ECF No. 34, rendering the Motion finally ripe.

## II. LEGAL STANDARD

Federal Rule of Criminal Procedure 12 allows parties to "raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). The Defendant here requests that the Court dismiss the indictment against him. "An indictment may be dismissed if the statute on which the indictment is premised is unconstitutional." *United States v. Kearney*, 2023 WL 3940106, at *1 (E.D. Va. June 9, 2023); *see United States v. Brown*, 715 F. Supp. 2d 688, 689 (E.D. Va. 2010); *cf.* Fed. R. Crim. P. 12(b)(3)(B) (permitting a defendant to, before trial, file a motion alleging a "defect in the indictment").

## III. DISCUSSION

The Defendant argues that the statute upon which his indictment is premised, 18 U.S.C. § 922(g)(1), is unconstitutional on its face and as applied to him because it violates the Second Amendment under *Bruen*'s new text-and-history test.

Section 922(g)(1) reads, in relevant part:

> It shall be unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . [to] possess in or affecting commerce, any firearm or ammunition."

18 U.S.C. § 922(g)(1).

The Defendant argues that *Bruen* "upended Second Amendment doctrine" with its text-and-history test. Mot. Dismiss 1. He argues that "§ 922(g)(1) regulates conduct the Second Amendment protects," meaning that § 922(g)(1) is "presumptively unconstitutional under *Bruen*'s plain text standard," *id.* at 11, and that the burden thus shifts to the government to "show[] that § 922(g)(1) is 'consistent with the Nation's historical tradition of firearm regulation.'" *Id.* at 5 (quoting *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. ----, 142 S. Ct. 2111, 2130 (2022)).

This Court has already carefully considered and denied each of the arguments set forth in this Motion to Dismiss. *See United States v. Lane*, No. 3:23cr62, 2023 WL 5663084 (E.D. Va. Aug. 31, 2023). In *Lane*, this Court held that the Fourth Circuit's pre-*Bruen* precedents upholding § 922(g)(1)'s constitutionality remain good law post-*Bruen* and require rejection of any argument that an indictment pursuant to § 922(g)(1) violates the Second Amendment. *See Lane*, 2023 WL 5663084, at *4–7. In the alternative, this Court held that *Bruen* reaffirmed the Supreme Court's instruction that "the people" whose conduct the Second Amendment protects includes only "law-abiding citizens" and not felons like the Defendant here. *See id.* at *8–10.

None of the cases cited in Defendant's recently filed Supplemental Memorandum, ECF No. 34, undercut either of this Court's holdings in *Lane*.[1] Moreover, other courts in this district

---

[1] In *Lane*, the Court presented two holdings (a primary holding and an alternative): (1) that, under controlling Fourth Circuit precedent, the conduct proscribed by § 922(g)(1) is "conduct [that] lies outside the scope of the Second Amendment's protection," *United States v. Pruess*, 703 F.3d 242, 246 (4th Cir. 2012); *see also United States v. Moore*, 666 F.3d 313, 319 (4th Cir. 2012) ("[The defendant] simply does not fall within the category of citizens to which the *Heller* court ascribed the Second Amendment protection of 'the right of '*law-abiding responsible* citizens to use arms in defense of hearth and home.'" (emphasis in original)); or (2) that *Bruen* limited "the people" who have the right to bear arms to "law-abiding citizens," *Bruen*, 142 S. Ct. at 2122, 2125, 2131, 2133–34, 2138, 2150, 2156. The Defendant's Supplemental Memorandum does not call into question either of these holdings.

Instead, the Supplemental Memorandum takes aim only at the Court's response to two of the defendant's counterarguments in *Lane*. *See* Suppl. Mem. 2–5, ECF No. 34. First, the Defendant cites to *Minor v. Happersett*, 88 U.S. 162 (1874), and *The Ku Klux Cases*, 110 U.S. 651 (1884), to argue that "the People" referenced in Article I, Section 2 of the Constitution does include, and has always included, felons. *See id.* at 2–4. The Court disagrees. *Minor*, at most, stands for the proposition that (1) women and children are among "the People" in that provision, and (2) that a voting regulation may be constitutional even if it prevents members of Article I, Section 2's "the People" from voting. 88 U.S. at 174–75. *Minor* did not purport to hold that felons are among "the People" in that provision. Indeed, the *Minor* Court acknowledged that "[d]isputes have arisen as to whether or not certain persons or certain classes of persons were part of the people at the time," and stopped well short of exhaustively resolving those disputes.

have held similarly to this Court in *Lane*. *See, e.g.*, *United States v. Riley*, 635 F. Supp. 3d 411 (E.D. Va. 2022); *United States v. Spencer*, No. 2:22cr106, 2022 WL 17585782 (E.D. Va. Dec. 12, 2022). This Court declines to change course in the face of the Defendant's Motion and instead adopts in full the § 922(g)(1)-specific reasoning previously set forth in its Memorandum Opinion in *United States v. Lane*.[2]

## IV. CONCLUSION

For the reasons detailed above, the Defendant's Motion to Dismiss the Indictment, ECF No. 17, will be denied.

An appropriate Order shall issue.

/s/
Roderick C. Young
United States District Judge

Richmond, Virginia
Date: September 26, 2023

---

*Id.* at 167. *The Ku Klux Cases*, at most, stand for the proposition that state legislatures may, in effect, narrow "the People" as pertaining to voting rights. 110 U.S. at 663–64. The decision does not stand for the proposition that the term "the People," at its inception, included all citizens. So, nothing in either case the Defendant cites contradicts this Court's finding in *Lane* that "it has been historically constitutional to exclude those convicted of a crime from *'the people'* under Section 2, Article I[.]" *United States v. Collette*, 630 F. Supp. 3d 841, 849 (W.D. Tex. 2022) (emphasis added).

Second, citing no new caselaw, the Defendant takes issue with this Court's acknowledgment that the Supreme Court has ascribed differing definitions to "the people" in the Second Amendment and "the people" in the Fourth Amendment. *See* Suppl. Mem. 4–5. *Compare United States v. Verdugo-Urquidez,* 494 U.S. 259, 265 (1990) (defining "the people" in the Fourth Amendment as "persons who are part of a national community"), *with District of Columbia v. Heller,* 554 U.S. 570, 579–80 (2008) (defining "the people" in the Second Amendment as "all members of the political community"). The Defendant "suggests respectfully that the Court should at least attempt . . . to reconcile the 'political community' language of *Heller* and *Bruen*, and 'national community' in *Verdugo-Urquidez*." Def.'s Supp. Br. 4–5. This Court, bound by the Supreme Court's differing interpretations, declines the invitation.

[2] The Defendant here argues that § 922(g)(1) is unconstitutional both facially and as applied to him. But the Defendant, as did the defendant in *Lane*, makes the same argument for both his facial and his as-applied challenges: § 922(g)(1) facially criminalizes possessing a firearm or ammunition as a felon. And the statute applies to the Defendant because he was a felon possessing a gun or ammunition (in this case, multiple firearms and ammunition). Because the Defendant argues both challenges in the same way (and does so by making the same arguments that the defendant made in *Lane*), the Court here can dispose of both challenges by relying on *Lane*'s single and complete *Bruen* analysis. *See Lane*, 2023 WL 5663084, at *4–13.